UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SACS Global Trust & Mortgage, LLC, et al., *Plaintiff*, | Civil No. 3:06cv1228 (JBA) |
| v. | |
| Matthew J. Thomas, et al., *Defendant*. | September 21, 2011 |

RULING ON DEFENDANT'S MOTIONS TO REOPEN, SET ASIDE DEFAULT JUDGEMENT, AND FOR SANCTIONS

Plaintiff SACS Global Trust & Mortgage, LLC (formerly known as Greenwich Global Trust & Mortgage, Inc.) ("SACS") filed this action against defendants Matthew J. Thomas ("Thomas"), Thomas Capital Mortgage, LLC, and MJT Asset Protection Trust I, asserting fraud and breach of contract arising out of an allegedly fraudulent scheme by which Defendant Thomas, in concert with other principals of the Daedalus Capital Relative Value Fund I, LLC (the "Fund"), "concealed and did attempt to conceal through the use of Promissory Notes (Notes) payable to SACS, and through derivative agreements, the transfer and/or investment losses of $696,000.30 in the Fund." (Compl. [Doc. # 1] ¶ 1).

Defendants Matthew J. Thomas and Thomas Capital Mortgage, LLC were served on October 5, 2006 but failed to file an appearance or to answer or otherwise respond to the Complaint. On February 9, 2007, Plaintiff moved pursuant to Fed. R. Civ. P. 55(a) for default entry, and default was entered on February 13, 2007. (*See* Electronic Order

Granting Default Entry as to Matthew J. Thomas [Doc. # 9].)[1] This Court granted Plaintiff's motion for default judgment, and judgment was entered in favor of SACS Global Trust & Mortgage, LLC against Defendant Matthew J. Thomas in the amount of $695,350.30 on March 23, 2007.

Over three years later, Defendant Matthew Thomas moves [Doc. # 14] to reopen the case, moves to set aside the default judgment, and moves for sanctions. Hakan Yalincak, an interested party and the individual to whom the judgment of the underlying action was assigned on April 4, 2007 (*See* Notice of Assignment, Filed February 15, 2011 [Doc. # 16]), opposes [Doc. # 17–1] this motion. For the following reasons, Defendant's motions will be denied.

I.   Factual Background

The omplaint on which judgment was entered was filed on August 7, 2006. Thereafter, one of SACS's principals, Hakan Yalincak plead guilty and was sentenced to a term of incarceration for fraudulent conduct in violation of 18 U.S.C. §§ 1341 and 1343 on April 14, 2007. (*United States v. Yalincak*, 3:05cr153, 3:05cr111.) The Court found in its Ruling [Doc. # 11] on Plaintiff's Motion for Entry of Judgment that SACS suffered $695,000.30 in damages from Defendant's breach of a promissory note, and awarded an additional $350 in costs. (Ruling at 6–7.) The Complaint states that Defendant Thomas "is a resident of the State of New York, living at 455 W.23rd St., Suite 11A, New York, NY 10001" (*Id.* at ¶ 3), and the return of service [Doc. # 5] shows service on this Defendant

---

[1] Plaintiff mischaracterized its motion as "Motion for Entry of Judgment by the Clerk," which was construed by the Clerk was a motion for default, as no default had previously been entered.

by service on the CT Secretary of the State and by postage–paid certified letter, Return Receipt Requested, to Matthew J. Thomas at 455 W.23rd St Suite 11A, New York, NY. (*Id.*)[2]

Defendant's sworn declaration asserts that he has neither resided nor conducted any business at that address since the end of May 2005, and has "neither received nor authorized mail on my behalf" at the address. (Def.'s Dec., Ex. G to Def.'s Mot. to Reopen ¶¶ 4–5.) As a result, Defendant reasons, "[a]ccordingly, I have never been served with a copy of the Complaint, and that prior to December 14, 2010, I have never even seen a copy of it." (*Id.* ¶ 6.) Defendant also denies "the allegations of the Complaint": "[s]pecifically, I deny ever executing any of the purported promissory notes . . . my purported signatures on these documents are complete forgeries. (*Id.* ¶ 8.)

II.  Discussion

Rule 60(b) of the Federal Rules of Civil Procedure provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following pertinent reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

---

[2] Defendant's current counsel submits the affidavit of its paralegal to the effect that no copy of the pleadings related to entry of default were found in the firm's "Thomas file" despite plaintiff's certification of service on Defendant at the above–discussed address and on Defendant's attorney who represented Defendant "during the time of when the above captioned matter was being prosecuted by the Plaintiff." (Karen Warshauer Dec., Ex. J to Def.'s Mot. to Reopen [Doc. #14].) The paralegal file search apparently was made about six months after a merger of the attorney's firm with this current firm. *See* Press Release, "Pepe & Hazard LLP Announces Merger Now Complete With McCElroy, Deutsch, Mulvaney & Carpenter, LLP" (May 3, 2010), http://www.pepehazard.com/merger/mdmc_merger.cfm (last visited Sept. 20, 2011).

> discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made "within a reasonable time,"[3] defined for (1), (2), or (3) to be no more than one year after the entry of the judgment. Fed. R. Civ. P. 60(c). Rule 60(b) attempts to balance "the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *See Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 ( 2d Cir. 1987) (citing 11C. Wright & A. Miller, Federal Practice and Procedure § 2857 (1973)).

In ruling on motions for relief from final judgment under Rule 60(b), "courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied." *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983). These criteria include (1) whether the default was wilful; (2) whether the Defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non–defaulting party if relief is granted. *Id; see also State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004). "Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

Defendant's request for relief under 60(b) necessarily precludes the first three grounds for relief as they are time–barred. Consequently, Defendant must demonstrate

---

[3] Defendant asks the Court to consider that, given his claim that he only learned of the default judgment two weeks prior to filing his motion, his motion was made within a reasonable time. (Def's Mot. to Reopen at 4 n.2.)

that his request for relief falls under Rule 60(b)(6), "any other reason that justifies relief." The Supreme Court requires a movant seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of a final judgment. *See Gonzales v. Crosby*, 545 U.S. 524, 536 (2005); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988)(Rehnquist, C.J., dissenting) ("This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved."). However, if Defendant's claim under Rule 60(b)(6) could have been properly brought under any of the time–limited grounds for relief under 60(b)(1), (2), or (3), the claim for relief cannot be brought under the broader relief clause of 60(b)(6). In *Klapprott*, more than four years after a default judgment cancelling his naturalization certificate, the petitioner moved for relief from the judgment, alleging that he was in jail at the time of his cancellation proceeding and unable to effectively protect his claim of citizenship. 335 U.S. at 603–08. The Supreme Court held that although "the one year limitation would control if no more than 'neglect' was disclosed by the petition," "[in which] event the petitioner could not avail himself of the broad 'any other reason clause' of 60(b)," it concluded that "extraordinary circumstances" had been shown. *Id.* at 613.

    A.    Improper Service

Defendant argues that he first learned of the Complaint and judgment "during a deposition held on December 14, 2010 in an unrelated civil action, when I was asked about the judgment . . ." (*See* Def.'s Decl., Ex. G to Def's Mot. at ¶ 7.) Defendant cites *Carillo v. Hagerty*, No. 3:05cv1417(MRK), 2005 U.S. Dist. LEXIS 35878 (D. Conn. Dec. 13, 2005) in support of his argument that personal service on him was ineffective. However, in *Carillo*, the defendant was only served by mailing a copy of the complaint to

5

the defendant's college; when the college refused to accept service, the plaintiff made no other efforts to effectuate service. *Id.* at *5. The court found that "merely mailing the complaint to [defendant's college] was not sufficient to discharge [plaintiff's] obligation to take reasonable steps to identify [defendant's address]." *Id.* at *6. Here, however, the record shows that Plaintiff served and mailed the Complaint to Defendant, at the address provided for in the promissory note documents at issue, in accordance with Fed. R. Civ. P. 4(e); that is, under Conn. Gen. Stat. § 52-59b(c), which allows for proper service of process through the Connecticut Secretary of State and by sending a copy to the Defendant's last–known address, return receipt requested.[4] (*See* Summons and Return of Service [Doc. # 4].) Defendant has not shown that he was improperly served, nor that the complaint, sent via certified mail, was ever returned unaccepted, nor does Defendant claim that the Complaint never reached the address by either method. Further, Defendant provides no evidence of what his residential and business addresses were after May 2005 (i.e., "last–known address"), nor does he claim that he made any efforts to correct or update the address used in the Demand Promissory Note, such as a forwarding address or an agent to receive documents to effectuate the "Notices" provision in the related Pledge Agreement. Since Plaintiff's service was proper by law and appropriate

---

[4] Conn. Gen. Stat. § 52-59b(c) provides, in relevant part,

> The process shall be served by the officer to whom the same is directed upon the Secretary of the State by leaving with or at the office of the Secretary of the State, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at the defendant's last–known address, by registered or certified mail, postage prepaid, return receipt requested, a like true and attested copy with an endorsement thereon of the service upon the Secretary of the State.

6

under the documents executed by Defendant, if Defendant never received these pleadings despite having designated the address and manner of notice, any failure to receive service would fall under one of the three time–barred bases of 60(b) relief.

      B.      Extraordinary Circumstances

Defendant also claims as a defense that "my purported signatures are complete forgeries." (Def.'s Dec., Ex. G to Def. Mot. to Reopen ¶ 8.) "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998); *see also American Alliance Ins. Co.*, 92 F.3d at 61 ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make."). The only evidence that Defendant provides in support of this forgery defense is his own self–serving declaration. (*See* Def.'s Aff., Ex. G to Def.'s Mot. to Reopen ¶ 8.) He provides no handwriting sample or other form of evidence that could support his defense, such as an affidavit from the notary public who attested that Mr. Thomas acknowledged the instrument before him on November 1, 2004. (*See* Ex. A to Pl.'s Mot. for Default Judgment [Doc. # 10].) Defendant's conclusory allegation standing alone is insufficient to show the likelihood of a meritorious defense on this basis, and thus falls short of "extraordinary circumstances" as grounds for relief under Rule 60(b). If Defendant's claim is more properly characterized as "newly discovered evidence" or "fraud . . . or misconduct by an opposing party," it is time–barred.

III. Conclusion

For the reasons stated above, Defendant's Motion to Reopen [Doc. # 14] and Motion to Set Aside Default Judgment are DENIED. Defendant's Motion for Sanctions [Doc. # 14] is also DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of September, 2011.