UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

2012 FEB 24  A. II: 46

U.S. DISTRICT COURT
NEW HAVEN, CT

---------------------------------------------------------------------x

SACS GLOBAL TRUST & MORTGAGE, LLC, et al.,

                        Plaintiff,      :

                    v.                :    Case No. 3:06cv01228 (JBA)

MATTHEW J. THOMAS, et al.,        :

                  Defendants.   :

---------------------------------------------------------------------x

**CONSOLIDATED RESPONSE TO COURT'S ORDER TO SHOW CAUSE (OSC)
AND PLAINTIFF'S MOTION TO RECONSIDER COURT'S ORDER
DATED DECEMBER 22, 2011**

In response to the Court's Order dated January 11, 2012 (Doc. 38), permitting the

Plaintiff until February 20, 2012 in which to file his response to the Court's Order to Show

Cause and File a Motion to Reconsider, the Plaintiff files this instant Consolidated Response

and Motion to Reconsider and in support thereof states as follows:

**Preliminary Statement**

With regard to the Plaintiff's Motion to Reconsider, as argued below, the Plaintiff

complied with all necessary service requirements as service was actually made on the last

known address for the Defendant. To the extent the Defendant continues to argue that he did

not receive notice, he has no one to blame but himself because he failed to comply with the

relevant provisions of the Promissory Notes.[1] Therefore, the instant Motion to Reconsider

should be granted. In the alternative, if the Court rejects the previous argument, in response to

the Court's Order to Show Cause, given the liberal standards of Fed.R.Civ.P. 4(m) and

---

[1] See September 21, 2011 Decision at 6.

because there was no bad faith or undue delay intentionally caused by the Plaintiff, the Court should extend the deadline and permit the Plaintiff to effect service of process again.

## I.     Brief Procedural Background

The original Complaint was filed on August 7, 2006 (Doc.1). The Defendant Matthew J. Thomas ("Defendant" or "Mr. Thomas") failed to appear and otherwise defend and a default was entered on February 13, 2007 (Doc. 9). The Court entered default judgment on March 23, 2007 (Doc. 12) in the amount of $696, 350.30. On December 28, 2010, the Defendant, through counsel, appeared and moved to reopen the case pursuant to Fed.R.Civ.P. 60(b)(1), (2), (3), (4) and (6) (Doc. 12-14). On September 23, 2011, the Defendant's motion to reopen (Doc. 13) was denied (Doc. 23). On October 5, 2011, the Defendant filed a motion to reconsider (Doc. 25) arguing, once again, that the judgment should be vacated pursuant to Fed.R.Civ.P. 60(b)(4) due to purported errors in the District Court's original ruling denying the Defendant's motion to reopen. The Court granted this motion on December 22, 2011 (Doc. 33) and entered an Order to Show Cause directing the Plaintiff to file a response. (Doc. 34).

## II.     Argument

### A. Motion to Reconsider

The only issue for consideration in the instant motion is whether there is "proof of actual delivery in the form of a return receipt." See Court's December 22, 2011 Decision at 1. At the time the Defendant originally filed his Motion to Reconsider, the Plaintiff was under the impression that this issue was already considered by the Court in its September 21, 2011 Order denying the Defendant's Motion to Reopen. While the Plaintiff believes, the Defendant's arguments in his October 5, 2011 Motion to Reconsider where a re-hashing of

the arguments rejected by this Court in its September 21, 2011 Order,[2] having researched the

service of process on the Defendant, as well as his related entities, the Plaintiff has obtained

proof that actual delivery was made on the last known address of the Defendant, as well as

the Secretary of State. A copy of the return receipts is attached hereto as Exhibit A.

To the extent the Defendant argues that this still did not serve as sufficient service of process

because, inter alia, he no longer lived at that address on that date, the appropriate response

can be drawn from this Court's September 21, 2011 Decision:

> Defendant has not shown that he was improperly served, nor that the complaint, sent
> via certified mail, was ever returned unaccepted, nor does Defendant claim that the
> Complaint never reached the address by either method.  Further, Defendant provides
> no evidence of what his residential and business addresses were after May 2005 (i.e.,
> "last–known address"), **nor does he claim that he made any efforts to correct or
> update the address used in the Demand Promissory Note, such as a forwarding
> address or an agent to receive documents to effectuate the "Notices" provision
> in the related Pledge Agreement.**
>
> September 21, 2011 Decision at 6 **(emphasis added)**[3]

Accordingly, this Court should grant the Plaintiff's instant Motion to Reconsider as the

SACSGlobal Trust & Mortgage, LLC fully complied with all service requirements.

### B.  Response to OSC

If the previous argument is rejected, the Plaintiff respectfully requests that the Court

extend the time for service of process under Fed.R.Civ.P. 4(m) because the Plaintiff can show

"good cause" as to the nature of the delay in effecting proper service of process: namely, until

December 22, 2011, there was no reason to believe or even doubt whether the service of

process effected in August 2006 (Doc. ) was proper. This delay in proper service was through

---

[2] *See* September 21, 2011 Decision at pp. 5-7 (discussing, and rejecting, service of process arguments raised by Defendant Thomas).

[3] Additionally, to the extent the Defendant still puts forward and repeats his self-serving defense that he never signed the promissory note, or that they are forgeries, this would fall outside the scope of Fed.R.Civ.P. Rule 60(b)(4) relief and would fall into one of the time barred bases of Rule 60(b) relief since he did not file his motion within the required one (1) year period.

no fault of the Plaintiff and, arguably, is due to the Defendant's delay in moving to reopen this case.

While the Plaintiff concedes that failure to comply with the time requirements of Fed.R.Civ.P. 4(m) permits the District Court to dismiss an action without prejudice, such a result is not mandatory. In fact, the very rule itself, as amended in 1993, provides discretion to the District Court to enlarge the time in which to affect service of process. *See Beauvoir v. U.S. Secret Service*, 234 F.R.D. 55 (E.D.N.Y. 2006)(discussing 1993 amendments). This Court, therefore, has discretion to extend the deadline for effecting service. The factors to be considered in deciding whether to grant this relief are: "(1) whether the applicable statute of limitations would bar the re-filed action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *See Carroll v. Certified Moving & Storage, Co., LLC*, Not Reported in F.Supp.2d, 2005 WL 1711184, at *2 (E.D.N.Y. 2005).

With regards to the first factor, the balance of hardships is decidedly in favour of the Plaintiff. The applicable statute of limitations for the contract and fraud based action underlying this case, without the benefitting of tolling, expired either in 2008 or, at the latest, 2011 and it would be manifestly unjust for this Court to deny the Plaintiff the right to pursue his otherwise timely filed claims. With regards to the second factor, although not decisive, as noted in the Plaintiff's original Opposition to the Defendant's Motion to Reopen (Doc. ), the Defendant, who was a cooperating witness in a related Government investigation, had notice of the action for almost three (3) years after the original action was filed and judgment entered. Moreover, it defies credulity that the Defendant, who currently works in the investment banking and private equity field, did not check his credit report or become aware of a massive $696,350.30 judgment for years after the judgment was entered. With regards to

the third factor, as noted in the Court's original September 21, 2011 Decision, the Defendant never notified the Plaintiff of his change in address in accordance with the provisions of the promissory notes. See September 21, 2011 Decision at 6. With regards to the fourth factor, there is no prejudice to the Defendant. He has been litigating this matter for over a year, he is now familiar with the facts and has prepared a defense. Thus, he cannot show any prejudice other than inconvenience to him.

## CONCLUSION

For all the foregoing reasons, if the Court denies the Plaintiff's Motion to Reconsider, it should nonetheless enter an Order pursuant to Fed.R.Civ.P. Rule 4(m) extending the time to serve the Defendant.

Dated:          February 11, 2012                    Respectfully submitted,
                Istanbul, Turkey                     HAKAN YALINCAK, *pro se*



Hakan Yalincak
Egemar, Adnan Kahveci Mah.,
Yavuz Sultan Selim Blv.,
Carium AVM No. 44
Beylikduzu
Istanbul, Turkey 34528
hakanyalincak@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was mailed this 11th day of February, 2012 via registered mail, return receipt requested to counsel for Matthew J. Thomas addressed as follows:

Harold J. Pickerstein, Esq.
McElroy, Deutsche, Mulvaney & Carpenter, LLP
30 Jeliff Lane
Southport, CT 06890

_____
Hakan Yalincak

**EXHIBIT A**



STATE OF CONNECTICUT

SS THOMASTON          October 5, 2006

COUNTY OF LITCHFIELD

Then and there, by virtue hereof, I left a true and attested copy of the original UNITED STATES DISTRICT COURT FEDERAL SUMMONS IN A CIVIL ACTION, with my endorsements thereon as follows:

Served one (1) copy on the Secretary of the State of Connecticut, 30 Trinity Street, Hartford, Connecticut, against the within named defendant, **MATTHEW THOMAS**, 455 W. 23rd Street, Suite 11A, New York, New York, 10001, on the 5TH day of October 2006, and paid a filing fee of $25.00. Pursuant to C.G.S. 52-59b.

Mailed from a United States Post Office, Thomaston, Connecticut, postage paid, letter certified, return receipt requested, directed to the within named defendant, **MATTHEW THOMAS,** 455 W. 23rd Street, Suite 11A, New York, New York, 10001, on the 5TH day of October 2006.
Postal Receipt 7005-3110-0000-7144-2359 is affixed hereto.

With and in the hands of **LUZ MARQUEZ, who accepted service for Corporation Service Company, the Registered Agent For Service** for the within named defendant, **THOMAS CAPITAL MORTGAGE, LLC,** at 50 Weston Street, Hartford, Connecticut, on the 5TH day of October 2006.

Mailed from a United States Post Office, Thomaston, Connecticut, postage paid, letter certified, return receipt requested, directed to the within named defendant, **THOMAS CAPITAL MORTGAGE, LLC,** 455 W. 23rd Street, Suite 11A, New York, New York, 10001, on the 5TH day of October 2006.
Postal Receipt 7006-0100-0003-5935-5037 is affixed hereto.

The within and foregoing is the original UNITED STATES DISTRICT COURT FEDERAL SUMMONS IN A CIVIL ACTION, with my doings hereon endorsed:

FEES:
SERVICE................... $ 120.00
COPIES.................... 108.00
ENDORSEMENTS........ 1.60
SS FILING FEE ......... 25.00
POSTAGE ............ 11.68
TRAVEL............ 41.80
$ 308.08

ATTEST:

EDMUND J. RICE
STATE MARSHAL
LITCHFIELD COUNTY